IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERMAN MARTIN FRANK<br>    TDCJ-CID #876556 | § | |
| | § | |
| VS. | § | C.A. NO. C-06-03 |
| | § | |
| EILEEN KENNEDY, et al. | § | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND

Pending is plaintiff's motion to amend original complaint (D.E. 33). For the reasons stated herein, plaintiff's motion is denied.

### I. Background

Plaintiff filed suit on January 9, 2006, against five employees of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), alleging that they were indifferent to his safety (D.E. 1). On March 10, 2006, plaintiff filed a motion to amend his complaint to request the issuance of summons (D.E. 13). On March 13, 2006, plaintiff's motion to amend was denied without prejudice as unnecessary. *Id.* On July 17, 2006, plaintiff filed the instant motion to amend complaint to add two additional defendants, alleging retaliation (D.E. 33).

### II. Discussion

Rule 15(a), Fed. R. Civ. P., mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of

allowing the amendment. *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).

Both of the people plaintiff seeks to add as defendants work in Amarillo, Texas, which is located in the Northern District of Texas. 28 U.S.C. § 124(a)(5). Plaintiff's claims, though somewhat related his filing of this lawsuit, involve retaliatory events which occurred in Amarillo, Texas. Venue in federal question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). As such, this Court does not have jurisdiction over the two proposed defendants. Plaintiff's motion to amend his complaint (D.E. 33) is DENIED without prejudice. Plaintiff may file claims against these defendants in the Northern District of Texas, Amarillo Division.

ORDERED this 1st day of August, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE