IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERMAN MARTIN FRANK | § | |
|     TDCJ-CID #876556 | § | |
| V. | § | C.A. NO. C-06-03 |
| | § | |
| EILEEN KENNEDY, et al. | § | |

### MEMORANDUM AND RECOMMENDATION TO GRANT
### PARTIAL MOTION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and injunctive relief. Service of process was ordered as to defendants Kennedy, Castillo, Garcia, Walker and Silvas. Answers have been filed as to all defendants (D.E. 27, 35). All defendants now move for partial dismissal of all official capacity claims seeking monetary damages (D.E. 28, 37). It is respectfully recommended that the motions for partial dismissal be granted.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. FACTUAL ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Clements Unit in Amarillo, Texas. He is suing defendants Warden Eileen Kennedy, Warden Alfonso Castillo, Sergeant Garcia, Captain Walker, and Hilda Silvas, for failure to protect him from harm by other inmates (D.E. 8-1).

On March 14, 2004, plaintiff was assaulted by three Security Threat Group (STG) offenders and suffered injuries to his eye and index finger. *Id.* Prior to the March 14, 2004 assault, plaintiff informed the defendants of threats against him and requested safekeeping, protective custody, and

a transfer off the McConnell Unit. *Id.* Plaintiff claims that despite his many complaints to defendants, they consciously disregarded the substantial risk of serious harm to the plaintiff. *Id* at 4. He notes that his complaints were only taken seriously after the assault occurred, at which point transfer from the McConnell Unit was granted. *Id.* Further, plaintiff complains that defendants improperly allowed STG offenders to commingle with offenders from the Non-Security Threat Group (NSTG) which put his safety at an even greater risk (D.E. 8-4).

### III. DISCUSSION

**A.     Legal Standard**

Defendants move to dismiss all official capacity claims seeking monetary damages (D.E. 28, 37) for failure to state a claim upon which relief can be granted. An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

**B.     Eleventh Amendment Immunity**

To the extent plaintff is suing defendants Kennedy, Castillo, Silvas, Garcia, and Walker in their official capacities for money damages, the defendants claim they are entitled to Eleventh Amendment immunity (D.E. 28-1).

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Farias v. Bexar County Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). The Eleventh Amendment also bars claims brought against a state official in his official capacity, because in effect the claims are being asserted against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Specifically, the Fifth Circuit has held that monetary damages may not be

awarded by a federal court against a state employee acting in his official capacity. *Saahir v. Estelle*, 47 F.3d 758, 762 (5th Cir. 1995).

In this case, plaintiff is seeking monetary damages from defendants Kennedy, Castillo, Silvas, Garcia, and Walker, all five of whom are TDCJ employees (D.E. 1-2). Because the TDCJ is an agent of the State of Texas, TDCJ employees are state officials. *Aguilar*, 160 F.3d 1054. Thus, to the extent that plaintiff's claims are brought against defendants in their official capacities for money damages, such claims are barred by the Eleventh Amendment.

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that the defendants' partial motions to dismiss (D.E 28, 37) be granted, and that all official capacity claims seeking monetary damages be DISMISSED. This recommendation does not affect plaintiff's claims for monetary damages against the defendants in their individual capacities.

Respectfully submitted this 2nd day of August, 2006.

                                      B. JANICE ELLINGTON
                                      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).