IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERMAN MARTIN FRANK | § | |
|     TDCJ-CID #876556 | § | |
| V. | § | C.A. NO. C-06-003 |
| | § | |
| EILEEN KENNEDY, ET AL. | § | |

### ORDER GRANTING DEFENDANT'S MOTION FOR RULE 7(a) REPLY

Pending is defendant Sergeant Steven Garcia's motion for Rule 7(a) reply (D.E. 36), to which plaintiff has *not* filed an objection.[1] For the reasons stated herein, Sergeant Garcia's motion is granted. Plaintiff is ordered to answer the questions set forth herein within thirty (30) days of the date of entry of this order and to serve a copy on counsel for Sergeant Garcia.

### I. Background

This is a failure to protect case brought by plaintiff, a Texas state prisoner, against certain prison officials employed at the McConnell Unit, specifically: Warden Eileen Kennedy, Warden Alfonso Castillo, Sergeant Garcia, Captain Walker, and Hilda Silvas. Plaintiff filed suit on January 9, 2006, claiming that on March 14, 2004, he was assaulted by three Security Threat Group ("STG") offenders and suffered injuries to his eye and index finger (D.E. 1, 8). Plaintiff claims that, prior to the assault, he informed the defendants of threats against him and requested safekeeping, protective custody, and a transfer off the McConnell Unit. Id. He claims that, despite his many complaints, defendants disregarded the substantial risk of serious harm, in deliberate indifference to his safety, and in violation of his Eighth Amendment rights.

### II. Rule 7(a) Request

In his request for a Rule 7(a) reply, Sergeant Garcia points out that, in his original complaint,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

plaintiff claimed to have informed prison officials of the threats against him at a meeting with the Unit Classification Committee, but he specifically noted that Sergeant Garcia was not at the meeting. (See D.E. 1 at 4A).  Moreover, no where in his more definite statement or in his attached grievances does plaintiff detail when he told Sergeant Garcia of the threats against him or his concerns that his life was in danger.  (See D.E. 8).

### III.  Discussion

Sergeant Garcia has raised the defense of qualified immunity (D.E. 35).  He argues that, encompassed within this defense, is the right to be informed of the allegations against him in a fact-specific way.  As it stands now, plaintiff has failed to identify any specific date, time, or place in which he communicated to Sergeant Garcia about the threats against him or that he feared he was in physical danger from STG offenders.  So that Sergeant Garcia might properly respond to plaintiff's allegations, plaintiff is hereby ORDERED to answer the following questions **within thirty (30) days of the date of entry of this order:**

(1) List all dates (and times, if available) that you met with Sergeant Garcia and told him about the threats against you.  Describe the meetings with as much detail as you can remember, such as if you were in your cell, or going to chow, or in the dayroom.  Were other inmates around that can confirm the conversation took place?

(2) To the best of your memory, describe what you told Sergeant Garcia about the threats against you.  Did you provide names of inmates, details of the threats?  Had the inmates threatened you directly or had you heard these inmates were "out to get you?"  How much information did you convey to Sergeant Garcia?

(3) Detail Sergeant Garcia's response when you told him about the threats against you.  Did he promise to look into the matter?  Did he acknowledge the conversation, or ignore you?

(4) In what manner do you believe Sergeant Garcia acted unreasonably?  What actions do you believe he should have taken?

Label your pleading "Rule 7(a) Reply."  In addition, include the following declaration at the

end of your reply. "I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. See 28 U.S.C. § 1746." The declaration must be dated and signed by plaintiff.

Should plaintiff desire to dismiss his claims against Sergeant Garcia, he may sign and return the attached motion for voluntary dismissal.

ORDERED this 13th day of September, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERMAN MARTIN FRANK | § | |
|     TDCJ-CID #876556 | § | |
| V. | § | C.A. NO. C-06-003 |
| | § | |
| EILEEN KENNEDY, ET AL. | § | |

## **MOTION FOR VOLUNTARY DISMISSAL**

    I, Sherman Martin Frank, plaintiff, seek voluntary dismissal of Sergeant Steven Garcia under FED. R. CIV. P. 41(a) (2) because I do not want to prosecute any claims against him. I understand that this is a dismissal with prejudice.

                                                                                                          _____
                                                                                                            Plaintiff

                                                                                        _____
                                                                                        Date