UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Sherman Martin Frank, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | C.A. No.06-cv-003 |
| § | | |
| § | | |
| Warden Eileen Kennedy, et. al., § | | |
|     Defendants. § | | |

## MEMORANDUM OPINION AND ORDER DENYING INJUNCTIVE RELIEF

On August 2, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation (D.E. 41) to deny plaintiff's Motion for Injunctive Relief (D.E. 31). Plaintiff timely objected to the Magistrate Judge's Recommendation. (D.E. 42). For the following reasons, the Court adopts the Magistrate Judge's recommended decision and DENIES plaintiff's request for a preliminary injunction.

In order to obtain a preliminary injunction, the movant must demonstrate that: (1) there is a substantial likelihood of success on the merits of his claim; (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006). A preliminary injunction is an extraordinary remedy, and should be granted only if the movant clearly carries the burden of persuasion as to all these elements. *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003).

Plaintiff has failed to satisfy the requirements for preliminary relief. In particular, he has not shown that there is a substantial likelihood of success on the merits. *Lauer v. Quarterman,* 2006 WL 2460907 (5th Cir. 2006); *Speaks*, 445 F.3d at 399–400.

Furthermore, even if plaintiff's request for injunctive were within his original pleading, or leave to amend for such were granted, plaintiff has not established that the events and conduct at the McConnel Unit, which form the basis of this suit, are sufficiently related to the issues of his request for relief in the Clements Unit, which is outside the Southern District of Texas. 28 U.S.C. §§ 124(a)(5), (b)(6). Because judicial economy does not support litigating the claims simultaneously, venue for plaintiff's claim for injunctive relief at the Clements Unit lies in the Northern District of Texas. 28 U.S.C. § 1391(b) (2006); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1588 (2nd ed. 1990).

Plaintiff's objections are either irrelevant assertions of fact, or mere repetitions of his substantive legal claims. They do not establish a substantial likelihood of success on the merits, or otherwise have any persuasive bearing on the requirements for a preliminary injunction. *Speaks*, 445 F.3d at 399–400. Plaintiff's Motion (D.E. 31) is DENIED.

Ordered this 7th day of November, 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE