UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERMAN MARTIN FRANK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-06-03 |
| | § | |
| EILEEN KENNEDY, *et al*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR A PROTECTIVE ORDER, DENYING MOTION TO CONTINUE DISCOVERY AND GRANTING IN PART AND DENYING IN PART MOTION FOR PRODUCTION OF DOCUMENTS

Pending are: (1) Defendants' motion for a protective order (D.E. 69); (2) Plaintiff's motion to continue discovery (D.E. 70); and (3) Plaintiff's motion for production of documents (D.E. 72). For the reasons discussed below, defendants' motion for a protective order is granted in part, plaintiff's motion for production of documents is granted in part and denied in part, and plaintiff's motion to continue discovery is denied.

**Background:**

Plaintiff has alleged in this lawsuit that he notified defendants he was in danger of being attacked by certain gang members, and thereafter defendants failed to take steps to eliminate the risk he might be attacked. Plaintiff was later injured when assaulted by gang members. Defendants have filed their motion for summary judgment, asserting their entitlement to qualified immunity, and now seek protection from discovery requests by plaintiff until the issue of qualified immunity is resolved.

**Applicable Law:**

"Qualified immunity protects objectively reasonable officials from both personal liability and the expense of trial and discovery." *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)). "'[Q]uestions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery.'" *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1999)). Accordingly, defendants' motion for protection (D.E. 69) is granted in part. Discovery is limited to discovery of facts directly related to the issue of qualified immunity.

The discovery sought by plaintiff in his discovery requests (D.E. 68) and in his motion for production (D.E. 72) is, for the most part, not relevant to the issue of qualified immunity, and defendants are not required to answer it at this time with one exception. The defendants shall provide to plaintiff any and all written statements and written summaries of statements of persons with knowledge of facts which form the basis of this lawsuit. These statements and summaries of statements shall be provided to plaintiff within fourteen (14) days of the date of this order if not already furnished. Plaintiff's motion for production (D.E. 72) is denied except as indicated in this paragraph.

Plaintiff's motion to continue discovery (D.E. 70) is denied. If the issue of qualified immunity is resolved in plaintiff's favor, full discovery may commence immediately, and plaintiff need not seek leave of court to do so.

If plaintiff wishes to supplement his response to the motion for summary judgment, his supplemental response is due on or before **Tuesday, January 23, 2007.** If plaintiff believes he is entitled to additional discovery on the issue of qualified immunity before he submits his

supplemental response to the motion for summary judgment, plaintiff may seek leave of court to do so on or before Tuesday, January 23, 2007. He must attached to his motion for leave the proposed discovery he seeks.

    ORDERED this 28th day of December, 2006.

                                                  B. JANICE ELLINGTON
                                                  UNITED STATES MAGISTRATE JUDGE